FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAUREEN B., | No. 4:20-CV-5138-JAG |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Chad Hatfield represents Maureen B. (Plaintiff); Special Assistant United States Attorney Lars Joseph Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

**JURISDICTION**

Plaintiff filed an application for Disability Insurance Benefits in January 2017, alleging disability since March 30, 2010, due to Heart Issues, Hyperlipidemia, Migraines, Arthritis, Deformed Feet, Sciatica, Bilateral Knot Knee, Valgus Knee, Lower Back Pain, and Neck Pain.  Tr. 39, 166, 193. Plaintiff's date last insured is March 31, 2011, Tr. 14, 39; therefore, Plaintiff must establish disability between March 30, 2010, and March 31, 2011, *see Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on May 28, 2019, Tr. 37-70, and issued an unfavorable decision on July 2, 2019, Tr. 14-23.  The Appeals Council denied Plaintiff's request for review on June 9, 2020.  Tr. 1-6.  The ALJ's July 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on August 11, 2020.  ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1960 and was 50 years old on the alleged disability onset date, March 30, 2010.  Tr. 166.  She completed high school and two years of college.  Tr. 43, 194.  Plaintiff's disability report indicates she stopped working on February 1, 2010 because of her conditions.  Tr. 193.

Plaintiff testified at the administrative hearing that she had heart valve replacement surgery in 2005, and, during the relevant time period, had knee, neck and foot problems, migraine headaches, sciatica issues, and fatigue.  Tr. 44-46, 58. Plaintiff stated she had a splint and received injections for her knee, as it would give out, but she did not have surgical intervention during that time, nor had she had knee surgery since.  Tr. 46-47, 53.  Plaintiff testified she had used a knee brace to stabilize her knee as well as elevation, heat and ice.  Tr. 54-56.  Plaintiff also described pain from deformed feet, but indicated she was not willing to have

surgeries on her feet at that time and insoles had helped with her foot pain.  Tr. 48-49.  She testified she additionally had pain and stiffness in her neck and a sciatica issue for which she sought chiropractic treatment.  Tr. 49-50, 51-52.  Plaintiff believed she experienced migraine headaches two to three times a week and severe migraines once a week during the relevant time period.  Tr. 50.  She stated that when she had headaches, she had to lie down for an hour to an hour and a half.  Tr. 58.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On July 2, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date, March 30, 2010, through her date last insured, March 31, 2011. Tr. 17.

At step two, the ALJ determined Plaintiff did not have an impairment or combination of impairments that significantly limited Plaintiff's ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments. Tr. 17-20. The ALJ alternatively found Plaintiff had the severe impairment of aortic valve disease status post replacement. Tr. 20.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

The ALJ alternatively found at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 20-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work with the following limitations: she can never climb ladders or scaffolds; she can occasionally climb stairs, crouch, and crawl; and she must avoid all exposure to unprotected heights.  Tr. 19.

The ALJ alternatively found at step four that Plaintiff was capable of performing her past relevant work as an administrative clerk, childcare leader, and director, daycare as actually and generally performed.  Tr. 22.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 30, 2010, the alleged onset date, through March 31, 2011, the date last insured.  Tr. 22-23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raised the following issues for review:

(1)    Did the ALJ err by denying Plaintiff's claim as groundless at step two?;

(2)    Did the ALJ err by failing to conduct an adequate analysis at step three?;

(3)    Did the ALJ err by failing to properly evaluate lay witness testimony?;

(4)    Did the ALJ err in rejecting Plaintiff's subjective complaints?; and

(5)    Did the ALJ err in failing to conduct an adequate analysis at steps four and five?

ECF No. 16 at 6.

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

## DISCUSSION

Plaintiff's first contention is that the ALJ erred at step two of the sequential evaluation process by rejecting her severe impairments as groundless and dismissing her application without continuing the sequential evaluation.  ECF No. 16 at 9-14.

Defendant responds that Plaintiff failed to meet her burden of establishing a severe impairment during the relevant period (March 30, 2010 to March 31, 2011) and the ALJ's step two finding is supported.  ECF No. 17 at 4-6.  Defendant correctly states that if the Court agrees the ALJ properly found no severe impairments at step two, then the Court need not reach any other issue raised by Plaintiff in this case.  ECF No. 17 at 2.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 423(d)(1)(A), 416.912.  In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment.  20 C.F.R. § 416.912(a).  Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find a claimant lacks a medically severe impairment or combination of impairments at step two when this conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005).  Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find the medical evidence clearly established Plaintiff did not have a severe impairment.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Webb*, 433 F.3d at 687.

Plaintiff's brief declares she has met her burden of establishing severe impairments of (1) status post aortic valve replacement; (2) left knee arthritis with Baker's cyst and internal derangement; and (3) degenerative disc disease of the cervical spine resulting in migraine headaches, ECF No. 16 at 10, and imaging

from 2009 documented these severe impairments, ECF No. 16 at 11.  However, "the mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Edlund v. Massanari*, 253 F.3d 1152, 1159-1160 (9th Cir. 2001) (a claimant must prove an impairment affects his ability to perform basic work activities).  Furthermore, the records relied upon greatly predate the relevant time period in this case.  *See Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir. 1989) (medical opinions that predate the alleged onset of disability are of limited relevance).  Plaintiff also asserts her husband, Marin Boudro, DDS, provided a letter that recounted her limited physical functioning during the relevant time period.  ECF No. 16 at 11 citing Tr. 270.  However, as determined by the ALJ, Tr. 22, although Mr. Boudro is a dentist, he is not an acceptable medical source capable of establishing functional limitations, *see* 20 C.F.R. § 404.1502(a), 1513(a)(2).  Moreover, the Court finds the ALJ's determination that Mr. Boudro's lay testimony was entitled to limited weight, Tr. 22, is supported.  "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).  Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence.  *Id.*  To reject the competent testimony of a lay witness, the ALJ need only give "reasons germane to each witness for doing so." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

The ALJ indicated Mr. Boudro was not an acceptable medical source capable of exacting observations as to dates, frequencies, types, and degrees of medical signs and symptoms.  Tr. 22.  As discussed above, Mr. Boudro, a dentist, is not an acceptable medical source capable of establishing functional limitations. *See* 20 C.F.R. § 404.1502(a), 1513(a)(2).  The ALJ also stated Mr. Boudro's statements were not consistent with the overall evidence of record that, during the

relevant time period, provided no objective medical evidence of headaches or migraines, Tr. 20, and physical examinations that did not support the level of fatigue and knee problems alleged, *see* Tr. 286-287, 1405-1406. Howard Platter, M.D., an acceptable medical source not contested by Plaintiff in this case[2] and accorded great weight by the ALJ, Tr. 21, found the evidence of record did not establish disabling limitations during the relevant time period. Tr. 85-86.

Accordingly, the Court finds the ALJ provided germane reasons, supported by the record, for rejecting the lay witness statement of Plaintiff's husband in this case.

Plaintiff additionally cites medical records from March 2011, Tr. 1399-1401, and June 2011, Tr. 1018, in support of her step two argument. On March 24, 2011, Plaintiff presented to James Walter Beck, M.D., for left knee pain following her joint giving out while walking up stairs. Tr. 1399. Dr. Beck noted tenderness and pain; diagnosed sprained lateral collateral ligament of the left knee, patellofemoral syndrome of the left knee, and enthesopathy of the left knee; and prescribed a knee brace. Tr. 1401. On June 7, 2011, Plaintiff presented to Benton Franklin Orthopedic Associates with a complaint of pain, inflammation, and swelling in her left knee. Tr. 1018. It was noted motor was grossly intact in her knee, sensation was intact, and she had relatively good range of motion but a mildly antalgic gait. Tr. 1018. Plaintiff was treated with a cortisone injection and anti-inflammatories. Tr. 1018.

First, as stated above, "the mere existence of an impairment is insufficient proof of a disability." *Matthews*, 10 F.3d at 680; *Edlund*, 253 F.3d at 1159-1160.

---

[2]The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

Second, as noted by the ALJ, Tr. 21, other physical examinations during the relevant time period showed Plaintiff had normal mobility, motility and other neurological signs, Tr. 286-287, 1405-1406; Dr. Platter found the evidence of record did not establish any disabling limitations during the relevant time period, Tr. 85-85; and Plaintiff received only conservative care for her symptoms, with no complications noted.  Tr. 20-21.  Finally, as noted by Defendant, ECF No. 17 at 5, and the ALJ, Tr. 20, there is no evidence showing Plaintiff had any physical impairments that would meet the duration requirements of the Social Security Act during the relevant time period in this case.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if she has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months).

The medical records from March and June 2011 also do not demonstrate Plaintiff had a severe medically determinable impairment during the relevant time period.

Based on the foregoing, the Court finds Plaintiff has not met her burden of showing she had a severe impairment at step two of the sequential evaluation process during the period of time from March 30, 2010, the alleged onset date, through March 31, 2011, the date last insured.  The ALJ's step two determination is thus without error.  Because the Court finds ALJ's step two determination is supported, no further analysis is necessary in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

*///*

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

    2.      Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

    DATED March 28, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE